UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


LUANNE MCNEIL, JAMES H.
MARSHALL and BRIAN M. COPELAND,

                Plaintiffs,

vs.                              Case No.   2:04-cv-356-FtM-33DNF

ALTERNATIVE HOME FINANCING, INC., a
Florida Corporation, a/k/a A.H.F.,
Inc., ALTERNATIVE HOME FINANCING
REAL ESTATE TEAM, INC., a/k/a
C.K.B. Jack Downtown Associates
Unlimited, Inc., a/k/a C.K.B. Jack
D.A.U., Inc., a/k/a C.K.B. Jack
Dau, a/k/a C.K.B. Jack Sellstate
Achievers Unlimited, Inc., a/k/a
C.K.B. Jack Sellstate Achievers;
ERIC HECKLER, aka Erich Heckler,
a/k/a Erich Michael Heckler, a/k/a
Eric Hekler, a/k/a Erich Hekler,
individually; ERL HALL, a/k/a Erl
D. Hall, a/k/a Erling D. Hall,
a/k/a Erling Hall, individually,
CHRISTOPHER KIM JACK, a/k/a
Christopher Kim Jack Burns, a/k/a
Kim Jack, individually; ANUSHKI L.
HECKLER, individually; AARON
JIMMINEZ, individually, a/k/a Aaron
Burton; SAFE HARBOR TITLE COMPANY,
a Florida Corporation; TRINITY
RUFFINO, individually, LINDA
BEAVERS, and RAND HALL,
individually,

                Defendants.
_____

**ORDER**

      This matter comes before the Court on Defendants Safe Harbor Title Company's and Trinity Ruffino's Motion to Dismiss Second Amended Complaint (Doc. # 99), filed on March 30, 2005.  Plaintiffs

Luanne McNeil, James H. Marshall, and Brian M. Copeland have failed to respond to the motion.  Upon review of the motion to dismiss, the Court finds that the motion should be granted and dismisses the Second Amended Complaint without prejudice.

The Second Amended Complaint is dismissed because it constitutes a shotgun pleading.  A shotgun pleading is one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  <u>Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366 (11th Cir. 1996).  The Court agrees with the Defendants, who argue that "it is virtually impossible to determine what causes of action are being alleged."

It is equally difficult to ascertain by whom and against whom many of the counts are asserted.  For example, Count Thirty Six states that "Plaintiff repeats and re-allege [sic] each and every allegation contained in the aforementioned paragraphs . . . ."[1]  This action was filed on behalf of three plaintiffs, not one; thus, if only a single plaintiff makes the allegation, the complaint must

---

[1] While the complaint's status as a shotgun pleading makes it worthy of dismissal, the fact that it is riddled with errors only contributes to the confusion.  Returning to Count Thirty Six as an example, although the initial reference to "plaintiff" is singular, subsequent references within the same count are plural. For example, "[a]ll of the defendants are jointly and severally liable to the *plaintiffs*" and "[a]s a result of these acts or omissions by defendants, *plaintiffs* suffered and continue to suffer actual and compensatory damages . . ."  Errors such as those present in Count Thirty Six bolster the Court's conclusion that the defendants in this action cannot be expected to know by whom or against whom a given count is asserted.

identify him or her.  Count Thirty Six is merely a single example of the complaint's failure to state which plaintiff has asserted a given cause of action.  Counts Thirty Seven, Thirty Eight, and Thirty Nine pose the same problem.  The improper use of verb tenses in many of the remaining counts also raise questions as to whether a given count is alleged by one or more plaintiffs.

The Second Amended Complaint's repeated references to classes of plaintiffs is similarly troubling, since this Court has denied Plaintiffs' motion to certify a class.  The Second Amended Complaint also neglects to allege any facts that would entitle Plaintiff Marshall to relief, in spite of the fact that he is listed as a plaintiff.  The Court's description of the troublesome aspects of Plaintiffs' Second Amended Complaint is not meant to be exhaustive.

Because it finds the Plaintiffs' Second Amended Complaint deficient, this Court dismisses it without prejudice, providing the Plaintiffs twenty days in which to file an amended document.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Safe Harbor Title Company's and Trinity Ruffino's Motion to Dismiss Second Amended Complaint (Doc. # 99) is **GRANTED**.

(2) The Second Amended Complaint is dismissed without prejudice.

(3) Plaintiffs are given twenty days in which to re-file.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 9th day of November, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record