UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUANNE MCNEIL, JAMES H. MARSHALL,
BRIAN M. COPELAND, SERVULLO DASILVA,
MIRIAM SANTOS, DAVID DEAN and SONYA
DEAN, individuals,

                Plaintiffs,

vs.                        Case No.  2:04-cv-356-FtM-33DNF

ALTERNATIVE HOME FINANCING, INC., a
Florida Corporation, a/k/a A.H.F.,
Inc., ALTERNATIVE HOME FINANCING
REAL ESTATE TEAM, INC., HERMES-ARES
HOLDINGS, INC., a domestic
corporation, CHRISTOPHER KIM JACK,
a/k/a Christopher Kim Jack Burns,
a/k/a Kim Jack, individually, a/k/a
C.K.B. Jack Downtown Associates
Unlimited, Inc., a/k/a C.K.B. Jack
D.A.U., Inc., a/k/a C.K.B. Jack Dau,
a/k/a C.K.B. Jack Sellstate
Achievers Unlimited, Inc., a/k/a
C.K.B. Jack Sellstate Achievers, OLD
MORGAN, INC., a domestic
corporation, ERIC HECKLER, a/k/a
Erich Hekler, a/k/a Erich Michael
Heckler, a/k/a Eric Hekler, a/k/a
Erich Hekler, individually, ERL HALL
a/k/a Erl D. Hall, a/k/a Erling D.
Hall, a/k/a Erling Hall,
individually, ANUSHKI L. HECKLER,
individually, AARON JIMMINEZ,
individually, a/k/a Aaron Burton,
SAFE HARBOR TITLE COMPANY, a Florida
corporation, TRINITY RUFFINO,
individually, LINDA BEAVERS, SUZY
JACK, individually, KAREN KULBACKLI,
individually, MARK WALLEN,
individual, MILLENNIUM HOME LOAN
CORPORATION, a domestic
corporation, FLORIDA HOME LOANS,
GAIL DOVER and CARLON DOVER,
individuals,

                Defendants.
_____
                **ORDER**

This matter comes before the Court on the following motions: Defendants Safe Harbor Title Company and Trinity Ruffino's Motion to Dismiss Third Amended Complaint (Doc. # 129), filed on December 12, 2005 and Defendant Old Morgan, Inc.'s Motion to Dismiss Third Amended Complaint (Doc. # 140), filed on December 30, 2005. For the reasons discussed herein, the Court finds that the motions should be GRANTED IN PART, DENIED IN PART and Counts I, II, IV, and V of the Third Amended Complaint are dismissed without prejudice.

Counts I, II, IV, and V are dismissed because they constitute a shotgun pleading. A shotgun pleading is one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). It is not sufficient to incorporate all of the factual allegations for each count and Defendants should not be made to sift through the allegations and attempt to decipher which facts are supportive of a given claim. See Beckwith v. Bellsouth Telecomms., Inc., 2005 U.S. App. LEXIS 18135 (11th Cir. August 22, 2005)(designating complaint as a "shotgun" pleading because "the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim....").

Just as it did upon review of the Second Amended Complaint, the Court finds that Plaintiffs have failed to indicate which

allegations of fact support a given count. Where seven plaintiffs are suing approximately twenty defendants, it is insufficient for Plaintiffs to "re-allege each and every allegation contained in the aforementioned paragraphs 1 through 148, of this complaint and incorporates [sic] them herein with the same force and effect as though fully pled." (Doc. # 127, p. 40, para. 149.) Counts I, II and V all suffer from this infirmity; thus, they are dismissed without prejudice.

Counts III and IV specifically detail which paragraphs containing factual allegations are applicable to the counts;[1] however, Count IV must be dismissed because Defendants cannot be expected to frame a response to the enigmatic language contained within that count. The trouble with Count IV begins with the fact that Plaintiff McNeil sues Defendants Trinity Ruffino and Safe Harbor Title Company but does not state the cause of action. (Doc. # 127, pp. 46-47, para. 168.) The next troublesome aspect of Count IV is the following paragraph, which the Court finds incomprehensible:

> Defendant Ruffino and Safe Harbor Title Company's intentional misrepresentation and no [sic] that she witnessed the signatures of persons who were not before her or without proper identification where such documents with the notarization were reasonably relied upon by financial institutions, clerks and other persons including plaintiffs, plaintiffs were economically harmed where plaintiffs property and right to property was

---

[1] There is no motion to dismiss Count III pending before this Court; thus, it has not been analyzed for dismissal.

>foreclosed by financial institutions with a secured interest in the property.

(Doc. # 127, p. 47, para. 169.) The third issue with Count IV is that it states that Plaintiff McNeil alone sues the Defendants; however, throughout paragraphs 167 through 170, the plural form "plaintiffs" is utilized, leaving the reader unsure of whether the plural form is the error, or whether Defendants are in truth being sued by someone in addition to McNeil whose name has mistakenly been omitted. Upon review, the Court finds that it would be unjust to require Defendants to frame a responsive pleading to Count IV. Thus, Count IV is dismissed without prejudice.

Because it finds Counts I, II, IV, and V deficient, this Court dismisses them without prejudice, providing the Plaintiffs twenty days in which to file an amended Complaint. Plaintiffs are reminded that they must state which factual allegations are supportive of each count. Additionally, Plaintiffs are cautioned to draft their Complaint in such a way that a reasonable person could understand the cause of action being alleged in each count as well as the identity of the parties suing and being sued.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Safe Harbor Title Company and Trinity Ruffino's Motion to Dismiss Third Amended Complaint (Doc. # 129) and Defendant Old Morgan, Inc.'s Motion to Dismiss Third Amended Complaint (Doc. # 140) are **GRANTED IN PART, DENIED IN PART.**

(2) Counts I, II, IV, and V of the Third Amended Complaint are dismissed without prejudice.

(3) Plaintiffs are given twenty days in which to re-file.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>1st</u> day of May, 2006.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record