UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROCHELLE Z. CATZ as Personal Representative of the Estate of LuAnne McNeil, JAMES H. MARSHALL, BRIAN M. COPELAND, SERVULLO DASILVA, MIRIAM SANTOS, DAVID DEAN and SONYA DEAN, individuals,

                Plaintiffs,

-vs-                              Case No. 2:04-cv-356-FtM-34-DNF

ALTERNATIVE HOME FINANCING, INC., a Florida Corporation, a/k/a A.H.F., Inc., ALTERNATIVE HOME FINANCING REAL ESTATE TEAM, INC., HERMES-ARES HOLDINGS, INC., a domestic corporation, CHRISTOPHER KIM JACK, a/k/a Christopher Kim Jack Burns, a/k/a Kim Jack, individually, a/k/a C.K.B. Jack Downtown Associates Unlimited, Inc., a/k/a C.K.B. Jack D.A.U., Inc., a/k/a C.K.B. Jack Dau, a/k/a C.K.B. Jack Sellstate Achievers Unlimited, Inc., a/k/a C.K.B. Jack Sellstate Achievers, OLD MORGAN, INC., a domestic corporation, ERIC HECKLER, a/k/a Erich Hekler, a/k/a Erich Michael Heckler, a/k/a Eric Hekler, a/k/a Erich Hekler, individually, ERL HALL a/k/a Erl D. Hall, a/k/a Erling D. Hall, a/k/a Erling Hall, individually, ANUSHKI L. HECKLER, individually, AARON JIMMINEZ, individually, a/k/a Aaron Burton, SAFE HARBOR TITLE COMPANY, a Florida corporation, TRINITY RUFFINO, individually, LINDA BEAVERS, RAND HALL, SUZY JACK, individually, KAREN KULBACKLI, individually, MARK WALLEN, individually, MILLENNIUM ENTERPRISES OF SOUTH FLORIDA, INC. a domestic corporation, d/b/a Florida Home

-1-

**Loans, GAIL DOVER and CARLON DOVER, individuals,**

        **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 317)**
>
> **FILED:** March 1, 2007
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

The Plaintiffs, Rochelle Z. Catz, as Personal Representative of the Estate of Luanne McNeil, James H. Marshall, Brian M. Copeland, Servullo Dasilva, Miriam Santos, David Dean and Sonya Dean (collectively "Plaintiffs") are requesting that the Court assess attorney fees and costs against the following Defendants: Alternative Home Financing, Inc.; Hermes-Ares Holdings, Inc.; Christopher Kim Jack; Old Morgan, Inc.; Erick Heckler; Anushki L. Heckler; Karen Kulbackli (aka Keryn Kulbackli); Gail Dover; and Carlon Dover (collectively "Defendants"). No response was filed to the Motion for Attorneys Fees and Costs by any of the Defendants. On April 24, 2007, the Honorable Marcia Morales Howard, United States District Judge entered an Order of Referral (Doc. 318) referring the Motion for Attorney's Fees and Costs (Doc. 317).

The Plaintiffs are requesting that they be reimbursed for attorneys fees and costs pursuant to 18 U.S.C. §1964(c), and various state law statutes including Fla. Stat. §501.211.[1] Pursuant to 18 U.S.C. §1964(c) and Fla. Stat. §501.211(b), the Plaintiffs may recover the costs of the lawsuit as well as reasonable attorney's fees.

This action was filed on June 30, 2004, and it took the Plaintiffs until January 30, 2007, to obtain a default judgement against these defendants. The history of this case is long and convoluted. The Plaintiffs filed their original Complaint (Doc. 1) on June 30, 2004. The Plaintiffs amended the complaint five times with the Fifth Amended Complaint (Doc. 212) filed on September 5, 2006, being the operative complaint. It took the Plaintiffs over two years to file a viable complaint in this case. Some of the Defendants who are not a part of this Motion for Attorneys Fees and Costs were dismissed from the case, others settled. (See, Doc. 313, 315). One Defendant, Erl Hall is still pending. (See, Doc. 313). The Plaintiffs bring this Motion for Attorney Fees and Costs against only the Defendants who had default judgments against them. (See, Doc. 313, 315). The Plaintiffs provide two different amounts for reimbursement. In their Motion, they request $80,933.50 in fees (See, Doc. 317, p. 4), but in their Notice of Compliance (Doc. 321) they request $94,337.50 in fees for 377.35 hours. The rate requested is $250.00 per hour and the amount of costs requested is $10,550.50. (See, Doc. 317, p. 4, 7, and Doc. 317-2, p. 2). The Court will use the lower amount for fees requested in the Motion (Doc. 317) of $80,933.50 as its starting point for fees which equals approximately 323.73 hours at a rate of $250.00 per hour.

---

[1] The Plaintiffs cite to other Florida Statutes, but do not cite to the specific section of the statute that reflects that a party may recover fees and costs.

A prior Motion for Attorney Fees and Costs (Doc. 314) was filed prior to the reassignment of the case to Judge Howard, and an Order (Doc. 316) was entered which denied the motion without prejudice to allow the Plaintiffs to re-file the Motion with the proper documentation supporting the amounts requested. In response, the present Motion for Attorney Fees and Costs (Doc. 317) was filed, but again, the Plaintiffs failed to file any documentation in support of the motion. After the Motion for Attorney Fees and Costs was referred, this Court entered an Order (Doc. 319) again requiring the Plaintiffs to file documents which support the amount requested. On May 14, 2007, the Plaintiffs filed their supporting documents. (See, Doc. 321). Having the Plaintiffs repeatedly file motions, memorandum of law, and documentation to amend or correct a prior filing was very typical throughout this case. The six complaints are a prime example of the Plaintiffs' failure to file the right document the first time. Another example is the filing of a Motion for Attorney Fees with one amount for fees and then filing supporting documentation that requests a different amount for fees.

**I. Law Applicable to Attorney's Fees**

To determine the amount of attorney fees, the court must determine the reasonable number of hours expended on the litigation and multiply that amount by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party requesting the fee should submit documentation in support of the request. *Id*. If the documentation in support of the request is inadequate, the court may reduce the award accordingly. *Id*. The burden is on the applicant for the fee award to establish an entitlement to the award of fees and the documentation of the appropriate hours, however, a court may determine the award from its own experience if there is a lack of documentation. *Id*. at 437, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The court must exclude hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. at 434.

First, the court must ascertain the hourly rate for the attorney's representation. *Ducksorth v. Whisenant*, 97 F.3d 1393, 1393 (11th Cir. 1996). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Norman,* 836 F.2d at 1299. The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates. *Id*.

Second, the court must determine the reasonable hours expended by counsel. *Duckworth*, 97 F.3d at 1397. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel. *Id*. (citing *Norman*, 836 F.2d at 1301). A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. *Id*. (citing *Norman*, 836 F.2d at 1301-2). The district court has discretion in determining the amount of attorney's fees to be awarded. *Natco Ltd. Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001). In determining reasonable hours expended, the Court must consider the *Johnson* factors which are as follows: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714,

717-719 (5th Cir.[2] 1974), *see also*, *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187, n. 8 (11th Cir. 1983).

**II. Analysis as to Attorney's Fees**

**A. Hourly Rate**

The Plaintiffs are requesting an hourly rate of $250.00 per hour. Attached to the Motion for Attorneys Fees and Costs (Doc. 317) is an Affidavit of Attorney Daniel R. Gerleman who found that this hourly rate was the rate that Counsel charged her clients (See, Doc. 317-2, ¶4), and that the total amount of fees of $80,93350 was reasonable. (See, Doc. 317-2, ¶5). Mr. Gerleman implies that the rate of $250.00 is a reasonable rate for attorneys in this community handling federal litigation. (See, Doc. 317-2, ¶5). Mr. Gerleman failed to include any information regarding his legal experience in federal court. The Plaintiffs' counsel, Michelle Berthiaume, failed to include her legal experience as well. The Court has no information as to the number of years Ms. Berthiaume has practiced law, and her experience in filing cases in federal court. The burden lies with the Plaintiffs to provide this information to the Court so that it can make a determination as to a reasonable hourly rate. Based upon a review of the file, and the number of amended complaints filed; the extensions of time (Docs. 28, 41, 102, 144, 170, 177, 196, 205, 208, 244, and 245); the reasons for denial of class certification (Docs. 76, 88); the denials of Clerk's Defaults (Docs. 186, 188); and the repeated orders regarding documentation for the attorneys fees motion (Docs. 316, 319), the Court will lower the hourly rate to $200.00 per hour.

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**B. Number of Hours Expended**

In the Motion for Attorney Fees and Costs (Doc. 317), the Plaintiff is requesting 323.73[3] hours. The Court will review the factors in *Johnson*, *supra*. Although generally a civil RICO action is a complex action to bring, the Plaintiffs' only obtained default judgments against these Defendants, and therefore, no unique skill was needed. The Court cannot ascertain if this case precluded other employment by Plaintiffs' counsel, the customary fee in this type of case, whether the fee was fixed or contingent, the time limitation imposed by the Plaintiffs, the undesirability of the case, the experience, reputation and ability of counsel, the length of professional relationship with the clients, or award in similar cases because the Plaintiffs failed to furnish any of this information. The results against these Defendants were successful due to the default judgment being entered.

The Court will review the time and labor required. The documentation in support of the requested fees is inadequate. Many entries do not appear to be related to the litigation in this case, are unclear as to the task, and do not provide enough information to determine if the time can be assessed in this action. Further, the Plaintiffs included time spent on their unsuccessful attempt to have a class certified, and included entries which are related to work done for other Defendants. The burden is on the Plaintiffs to provide proper documentation in support of a request for fees.

As a result of the review of hours expended, the Court will deduct time for the following work which is not related to bringing this action:

| Date | Entry | Hours |
|---|---|---|
| 6/19/04 | Prepare Quit Claim Deed | .25 |

---

[3] In the documentation in support of the Motion for Attorney Fees and Costs, the Plaintiff is requesting 377.35 hours.

| | | |
|---|---|---|
| 9/21/04 | Review Bankruptcy Chapter 7 | .45 |
| 10/4/04 | Review foreclosure complaint | .50 |
| 10/14/04 | Attend BK creditor meeting | 6.0 |
| 12/3/04 | Letter to BK court w/proposal | 1.0 |
| 12/7/04 | T/C with State Investigator; T/C with NewsPress | .65 |
| 1/5/05 | T/C with BK Judge | .50 |
| 1/17/05 | T/C with roofing comp. | .60 |
| 1/25/05 | Meeting with Trustee Tinker | 6.5 |
| 1/26/05 | Prepare new quit claim deeds | 1.0 |
| 2/1/05 | review foreclosure offer for B. Copeland | .50 |
| 2/2/05 | review roofing matter | .55 |
| 2/14/05 | T/C with peoples Bank | 2.5[4] |
| 3/14/05 | Prepare and attend hearing [there was no hearing scheduled on this date in this case] | 3.0 |
| 7/14/05 | T/C SAO and FBI | 1.0 |
| 9/15/05 | draft motion to intervene in state court | 2.0 |
| 10/10/05 | T/C with realtor comm | .75 |
| 2/15/06 | T/C Bank of America | .50 |
| 2/16/06 | Research; visit to BOA | 2.0 |

---

[4] The Court recognizes that the entire entry includes "review correspondence from Atty Young; review Court correspondence; review RFA; office Meeting; T/C with Peoples Bank." The Plaintiffs did not separate the time for each of these tasks. The Court cannot determine the amount of time spent on T/C with Peoples Bank and will deduct the entire time. When other entries have more than one task, and one of the tasks is not an appropriate task to assess attorneys fees, the Court will deduct the entire time for the entry.

| | | |
|---|---|---|
| 5/9/06 | attend hearing [there was no hearing scheduled on this date in this case] | 1.0 |
| 7/14/06 | Attend mortgage seminar | 12.0 |
| 7/21/06 | Attend mortgage seminar | 12.0 |
| 11/15/06 | T/C with Accredited Insurance | .75 |
| 11/17/06 | File forms re: ins policy with docs | 1.0 |
| 1/22/07 | Attend hearing [there was no hearing scheduled on this date in this case] | 1.0 |
| **Total** | | 58.0 |

The Court will deduct time for the following work where the time entry was unclear as to the task listed or does not provide enough information to determine if the task is related to this litigation:

| Date | Entry | Hours |
|---|---|---|
| 12/13/04 | T/C with Detective Ellis | .35 |
| 1/7/05 | T/C with Clerks for Fed and State | .40 |
| 1/19/05 | T/C with HomeLoan Service | .15 |
| 1/24/05 | Inter-office conf | .15 |
| 3/17/05 | T/C with Rob Spickerman | .20 |
| 4/14/05 | review correspondence; inter-office cof; T/C with Home EQ | 1.0 |
| 5/12/05 | T/C with home loan corp | .50 |
| 5/17/05 | T/C with Lee County Sheriff's office | .50 |
| 5/21/05 | office visit re Dr. O'Reilly | 1.0 |

| 6/4/05    | T/C re injuries      | 1.0  |
| --------- | -------------------- | ---- |
| 6/22/05   | T/C with Doctor      | .50  |
| 10/30/05  | T/C to US Marshal    | .50  |
| 11/2/05   | T/C to Clerk         | .25  |
| 9/7/06    | T/C with Embassy     | 1.50 |
| 9/23/06   | T/C with Mr. Burnett | .50  |
| 1/28/06   | T/C with Ins Company | .50  |
| **Total** |                      | 9.0  |

The Court will deduct the following time expended on class certification which was unsuccessful:

| Date     | Entry                              | Hours |
| -------- | ---------------------------------- | ----- |
| 11/21/04 | Draft motion for class certification | 5.5 |

As stated previously, the Plaintiff filed five amended complaints. The total hours spent on drafting the complaints is excessive. The following are the hours spent on drafting all of the complaints and motions seeking leave to amend:

| Date     | Entry                            | Hours |
| -------- | -------------------------------- | ----- |
| 6/26/04  | Draft First Complaint            | 10.0  |
| 6/28/04  | Revise Complaint                 | 1.0   |
| 6/29/ 04 | Revise Complaint                 | 1.0   |
| 11/14/04 | Draft Motion to Amend Complaint  | 1.0   |
| 11/15/04 | Research; revise amended complaint | 2.0 |

| 2/26/05 | Draft Second Amended Complaint | 2.0 |
| --- | --- | --- |
| 2/27/05 | Draft Motion for leave to Amend | 1.0 |
| 2/27/05 | Draft Second Amended Complaint | 6.5 |
| 5/9/05 | draft motion to amend | 1.25 |
| 5/15/05 | Research; review file; draft Third Amended Complaint | 2.5 |
| 11/28/05 | Draft Amended Complaint | 3.0 |
| 12/1/05 | Amend complaint to add parties | 3.0 |
| 9/5/06 | Research and draft Amended Complaint | 4.0 |
| **Total** | | 38.25 |

The Court finds that 38.25 hours spent in drafting a viable complaint is excessive. The Court will allow 15 hours for drafting the compliant and leave to amend and will deduct **23.25** hours as excessive.

The Court will deduct the following hours spent on other Defendants' settlements:

| Date | Entry | Hours |
| --- | --- | --- |
| 4/14/05 | T/C with B. Copeland re settlement paperwork | .25 |
| 4/28/05 | T/C with Angela re settlement | .25 |
| 10/27/06 | T/C re E. Hall; review correspondence; prepare motion | 1.0 |
| 11/30/06 | draft notice of dismissal | .75 |
| 12/6/06 | review settlement agreement | 1.0 |

| 12/18/06 | Draft motion to dismiss | 1.5 |
|---|---|---|
| **Total** |  | 4.75 |

The Court has been very lenient on the time it does allow to be assessed. Most of the time entries are not specific, however, without a response, the Court will allow the majority of the time. Consequently, the Court recommends that 100.5 hours be deducted. The Court further recommends that the amount of **$44,646.00** ($200.00 x  223.23 = $44,646.00) be awarded as attorney fees.

**III.  Costs**

Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987).  Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920.  *Id*.  The Plaintiffs assert that they are entitled to costs pursuant to 42 U.S.C. §1988.  This section only applies to actions under 42 U.S.C. §§1981, 1981a, 1982, 1983, 1985, and 1986; 20 U.S.C. §1681, 42 U.S.C. §2000bb; 42 U.S.C. §2000cc; 42 U.S.C. 2000d; and 42 U.S.C. §13981.  The Plaintiffs have alleged that their action was brought pursuant to 18 U.S.C. §1962(a) and (b) and 1964(c) which are not specifically listed in 42 U.S.C. §1988, and therefore, the Court finds that §1988 does not apply.

Section 1920 provides the following list of taxable costs:

>A judge or clerk of any court of the United States may tax as costs the following:
>(1) Fees of the clerk and marshal;

    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

Charges for postage are not specifically listed in §1920 and are not taxable costs. The Court will deduct the amount of **$435.17** for postage. The Court will permit service fees for the Defendants listed in the Motion for Attorneys Fees and Costs, but will deduct service fees for the other Defendants and will deduct fees for service when the individual or entity that was served is not listed. The Court will permit the service fees for Gail Dover, Carlon Dover, A. Heckler, and E. Heckler. The Court will deduct the amount of **$1205.34**. The Court will deduct Internet detective fees, and expert witness fees as not being specifically listed in §1920, and will deduct the amount of **$6,100.00**. The Court will permit the court reporting fees and the copy fees. The Court recommends that the amount of **$2809.99** be awarded as costs.

### IV. Conclusion

It is respectfully recommended that the Joint Motion for Attorney fees and Costs (Doc. 317) be granted in part and denied in part and that $44,646.00 be awarded in fees and $2809.99 be awarded as costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  16th   day of July, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record