# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

ROCHELLE Z. CATZ as Personal Representative of the Estate of LuAnne McNeil, JAMES H. MARSHALL, BRIAN M. COPELAND, SERVULLO DASILVA, MIRIAM SANTOS, DAVID DEAN and SONYA DEAN, individuals,

          Plaintiffs,

-vs-                                Case No. 2:04-cv-356-FtM-34-DNF

ALTERNATIVE HOME FINANCING, INC., a Florida Corporation, a/k/a A.H.F., Inc., ALTERNATIVE HOME FINANCING REAL ESTATE TEAM, INC., HERMES-ARES HOLDINGS, INC., a domestic corporation, CHRISTOPHER KIM JACK, a/k/a Christopher Kim Jack Burns, a/k/a Kim Jack, individually, a/k/a C.K.B. Jack Downtown Associates Unlimited, Inc., a/k/a C.K.B. Jack D.A.U., Inc., a/k/a C.K.B. Jack Dau, a/k/a C.K.B. Jack Sellstate Achievers Unlimited, Inc., a/k/a C.K.B. Jack Sellstate Achievers, OLD MORGAN, INC., a domestic corporation, ERIC HECKLER, a/k/a Erich Hekler, a/k/a Erich Michael Heckler, a/k/a Eric Hekler, a/k/a Erich Hekler, individually, ERL HALL a/k/a Erl D. Hall, a/k/a Erling D. Hall, a/k/a Erling Hall, individually, ANUSHKI L. HECKLER, individually, AARON JIMMINEZ, individually, a/k/a Aaron Burton, SAFE HARBOR TITLE COMPANY, a Florida corporation, TRINITY RUFFINO, individually, LINDA BEAVERS, RAND HALL, SUZY JACK, individually, KAREN KULBACKLI, individually, MARK WALLEN, individually, MILLENNIUM ENTERPRISES OF SOUTH FLORIDA, INC. a domestic corporation, d/b/a Florida Home

**Loans, GAIL DOVER and CARLON DOVER, individuals,**

                    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO ENFORCE MEDIATION AGREEMENT OR IN THE ALTERNATIVE ENTER DEFAULT FINAL JUDGMENT IN FAVOR OF ALL PLAINTIFFS (Doc. No. 322)** |
| **FILED:** | **May 31, 2007** |

**THEREON** it is **RECOMMENDED** that the Motion to Enforce Mediation Agreement be **GRANTED** and the Motion to Enter Default Final Judgment in Favor of All Plaintiffs be **DENIED**.

The Plaintiffs are requesting that the Court enforce the agreement reached at mediation and memorialized in the Memorandum of Settlement (Exh. A to Doc. 326) entered into by the Plaintiffs and the Defendant, Erl Hall. In the alternative, the Plaintiffs are requesting that the Court enter a default against Erl Hall and a final judgment against him for an amount comparable to the amounts of Final Judgment entered against Kim Jack and Eric Heckler. Counsel for Erl Hall filed a Response (Doc. 326) stating that he has been unable to contact Mr. Hall, however, argued that the Plaintiffs' sole remedy is to dismiss this action against Mr. Hall and file an independent action to enforce the settlement and recover the funds.[1]

---

[1] Counsel for Erl Hall was permitted to withdraw by Order (Doc. 328) on August 14, 2007.

On November 2, 2006, the Plaintiffs and Erl Hall entered into a Memorandum of Settlement which was the result of a mediation held on that day.[2] (See, Exh. At to Doc. 326). Paragraphs 11, 12 and 13 of the Memorandum of Settlement provide as follows:

> Defendant Erl David Hall ("Hall") shall make payment of $10,000 to the Plaintiffs' attorneys's trust account within 120 days of the date hereof. Plaintiffs shall all execute a complete and general release to be prepared by Hall's attorney, which releases shall be delivered to Hall's attorney within 15 days after receipt of Hall's payment. Upon execution of this Agreement, Plaintiffs shall dismiss Hall from the litigation and Plaintiffs' sole remedy as to Defendant Hall shall be with respect to Hall's obligation to make payment as set forth herein.

The Memorandum of Settlement was signed by Erl Hall. (See, Exh. A to Doc. 326).

The Court disagrees with counsel for Mr. Hall that this Court does not have jurisdiction to enforce the settlement. When a case remains pending and is not dismissed, then federal district courts have the authority to enforce settlement agreements prior to dismissal. *BP Products North America, Inc. v. Oakridge at Winegard, Inc.*, 469 F.Supp.2d 1128, 1132 (M.D. Fla. 2007) (citing *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987)). The Court must look to Florida law in deciding whether the parties reached an agreement that is enforceable. *Id*. (citing *Londono v. City of Gainesville*, 768 F.2d 1223, 1227 (11th Cir. 1985)). Courts in Florida favor settlement agreements and will enforce them whenever possible. *Id*. (citing *Long Term Mgmt. Inc. v. Univ. Nursing Ctr., Inc.*, 704 (So.2d 669, 673 (Fla. 1st DCA 1997)). Settlement agreements are governed and interpreted by contract law. *Commercial Capital Resources, LLC v. Giovannetti*, 955 So.2d 1151 (Fla 3d DCA 2007) (citing *Barone v. Rogers*, 930 So.2d 761, 763-64 (Fla. 4th DCA 2006)). The essential terms of the settlement

---

[2] The copy of the Memorandum of Settlement (Exh. A to Doc. 326) was not signed by the Plaintiffs. The Court notes that Florida Rule of Civil Procedure 1.730(b) requires agreements reached at mediation to be signed by all parties and their counsel. *Freedman v. Fraser Engineering & Testing, Inc.*, 927 So.2d 949, 952-53 (Fla. 4th DCA 2006). However, the Court found no corresponding rule in the Federal Rules of Civil Procedure.

agreement must be specific and mutually agreeable. *Barone v. Rogers*, 930 so.2d at 764 (citing *Long Term Mgmt.,* 704 so.2d at 673). "Contracts are to be construed in accordance with the intentions of the parties." *Id.* (citing *PS Marinas 3 v. Marina Funding Group, Inc.*, 889 So. 2d. 167, 169 (Fla. 3d DCA 2004)). An evidentiary hearing is required only in situations where the existence or the terms of the settlement agreement are in dispute. *Skrtich v. Thornton*, 2003 WL 24845555 (M.D. Fla. 2003) and *Commercial Capital Resources, LLC v. Giovannetti*, 955 So.2d 1151, 1153 (Fla. 3d DCA 2007).

In the instant case, Erl Hall has not contested the terms of the agreements, therefore, an evidentiary hearing is not necessary. According to the Memorandum of Settlement, Mr. Hall had 120 days in which to pay $10,000 into Ms. Berthiaume's trust account. Fifteen (15) days thereafter, Mr. Hall's attorney would receive the releases signed by the Plaintiffs. An essential term of the agreement was that Mr. Hall pay the $10,000 within the time period required which is a specific term and was mutually agreed upon by the parties. The intentions of the parties are clear and there is no ambiguity as to this term of the agreement. The Court finds that there was a meeting of the minds between Mr. Hall and the Plaintiffs as to Mr. Hall's payment of $10,000, and it is supported by the substantial evidence of the uncontested Memorandum of Settlement. Therefore, the Court will enforce the Memorandum of Settlement.

In the instant case, since at least August 14, 2007, all mail sent by the Court to Erl Hall has been returned as undeliverable. The Court has no better address for Mr. Hall. To best effectuate the terms of the Memorandum of Settlement and not delay this matter any further, the Court recommends that the District Court enter judgment in favor of the Plaintiffs and against Erl Hall in the amount of $10,000, and that the District Court dismiss Erl Hall from this action.

**IT IS RESPECTFULLY RECOMMENDED:**

That the District Court grant the Motion to Enforce Mediation Agreement (Doc. 322), enter judgment against Erl Hall in the amount of $10,000.00, and dismiss this action against Erl Hall. Further, the Court respectfully recommends that the District Court deny the Motion to Enter Default Final Judgment in Favor of All Plaintiffs (Doc. 322).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __10th__ day of March, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record